# United States District Court
### EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | |
|---|---|
| **JPMORGAN CHASE BANK, N.A.** § § | |
| **v.** § | **Case No. 5:12-cv-119** |
| § § | |
| **DATATREASURY CORPORATION** § | |

## ORDER ON MOTIONS IN LIMINE

The Court makes the following rulings on Plaintiff JPMorgan Chase Bank, N.A.'s (JPMC) motions in limine[1] (Doc. No. 192):

1) **JPMC's motion to exclude testimony, mention, or other reference to extraneous events.**

This motion is **GRANTED**.

JPMC argues that Defendant DataTreasury Corporation (DTC) intends to refer to and proffer evidence to establish the events that led to this litigation, the negotiations that led to the execution of the license agreement at issue in this case (the License Agreement), and DTC's withdrawn and rejected affirmative defenses. JPMC contends that the Court's Memorandum Opinion on the parties' summary judgment motions (Doc. No. 174) renders this evidence either irrelevant under Federal Rule of Evidence 402 or more prejudicial than it would be probative under Federal Rule of Evidence 403.

The Court certified for trial only one issue: JPMC's damages based on a formula laid out in a subsequent license agreement that the Court found to be more favorable than the corresponding term in the License Agreement. (Doc. No. 174 at 16–18, 24–25). That formula determines damages, in part, based on the proportional value an acquired banking institution adds to JPMC. The Court re-opened discovery in order to allow the parties to ascertain which banking institutions are relevant to the damages analysis and determine the value of each institution (Doc. No. 176).

---

[1] All rulings on motions in limine are preliminary and are not final evidentiary rulings. To the extent the Court grants a motion in limine, the parties are instructed to approach the bench prior to addressing the issue in the jury's presence. To the extent a motion is denied, parties must make their objection at trial.

A review of DTC's pretrial filings (Doc. Nos. 188, 193, 194), reveals that DTC intends to make reference to and proffer evidence that goes well beyond the limited question the Court certified for trial. Allowing DTC to do so is unlikely to lead to the admission of evidence relevant to ascertaining the amount of JPMC's damages. *See* Fed. R. Evid. 402; *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc.*, 907 S.W.2d 517, 521 (Tex. 1995) (explaining the effect of a Court's construction of an unambiguous contract on the evidence to be presented at trial). And to the extent that it would lead to the admission of relevant evidence, that evidence would likely be far more prejudicial than it would be probative due to the risk of juror confusion and its lack of probative value. *See* Fed. R. Evid. 403. Accordingly, the Court **GRANTS** Plaintiff's motion and excludes any testimony, evidence, or reference to the following:

- Evidence that suggests DTC's breach of contract was justified or that suggests damages should be mitigated or lessened for any reason outside the damages formula the Court certified as the sole issue for trial;
- Testimony or other evidence supporting Defendant's former affirmative defenses;
- References to the strength of the parties' claims and defenses as to the underlying patent litigation that led to the License Agreement;
- Statements by the parties made in settlement discussions before a mediator;
- Evidence and arguments regarding the value of the licensed patents to banking institutions based either on check imaging volumes or a banking institution's assets; and
- Evidence regarding the Parties' intent when entering into the License Agreement.

2) **JPMC's motion to exclude testimony, mention, or other reference to Skadden, Arps, Slate, Meagher & Flom, LLP's role in other matters involving DTC**

This motion is **GRANTED** in view of the Court's ruling above because to the extent such evidence or testimony would be relevant to the damages issue the Court certified for trial, it would likely be far more prejudicial than it is probative. *See* Fed. R. Evid. 403.

3) **JPMC's motion to exclude testimony, mention, or other reference to the financial crisis and receipt of TARP funds.**

This motion is **GRANTED**.

Plaintiff seeks to prevent DTC from making reference to JPMC's receipt of TARP funds in the wake of the financial crisis in the late aught years. JPMC also seeks to prevent

DTC from making reference to regulatory and criminal sanctions JPMC incurred in recent years, as well.

Reference to these events is likely to have a prejudicial effect that greatly outweighs any probative value. *See* Fed. R. Evid. 403. Accordingly, the Court **GRANTS** JPMC's motion.

4) **JPMC's motion to exclude any argument that tends to undermine, impeach, or limit the Court's Summary Judgment Order**

This motion is **DENIED** as **MOOT.**

JPMC seeks a ruling that prevents DTC "from relying on any argument or evidence that is irrelevant to the issue presented in the application of the Cathay formula, including appeals to prejudice, fairness, or conduct by the parties" (Doc. No. 192 at 4).

A ruling that broad would be unworkably vague. Moreover, the Court finds that in ruling on JPMC's three other motions in limine, the Court has granted JPMC essentially the same relief it seeks in this motion. As such, the Court finds that this motion is **MOOT** in view of the Court's rulings above.

**It is SO ORDERED.**
**SIGNED this 26th day of May, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE